DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DAVIDSON L. ALFRED,<br><br>   Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | ) )<br>)<br>)<br>)   Civil No. 2012-36<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ATTORNEYS:

**Davidson L. Alfred**
Gadsden, Florida
  *Pro se,*

**Gretchen Shappart**
**Kim Chisholm**
St. Thomas, U.S.V.I.
  *For the United States.*


## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court deny Davidson Alfred's 28 U.S.C. § 2255 petition (the "2255 petition").

### I. FACTUAL AND PROCEDURAL HISTORY

In December, 2012, the grand jury returned an indictment charging Davidson Alfred ("Alfred") with transporting aliens in violation of 8 U.S.C. § 1324 and assault with a deadly weapon on

a federal officer in violation of 18 U.S.C. § 111 ("the alien smuggling case"). The Magistrate Judge appointed Attorney George Hodge, Jr. ("Attorney Hodge") to represent Alfred. Alfred was found guilty on both counts after a jury trial. On July 2, 2013, the Court sentenced Alfred to eight months imprisonment on each count, to be served concurrently. The Court also imposed a term of two years of supervised release on each count, also to be served concurrently. A condition of Alfred's supervised release was that he "not commit another federal, state, or local crime."

On June 7, 2013, Alfred appealed the Court's judgment. On May 23, 2014, the Third Circuit affirmed. *United Stated v. Davidson*, 567 F. App'x 90 (3d Cir. 2014).

On May 15, 2014, while Alfred was on supervised release, he was charged with bank fraud in violation of 18 U.S.C. § 1344. ("the bank fraud case"). On November 4, 2014, Alfred pled guilty to bank fraud. Alfred's commission of bank fraud violated the terms of Alfred's supervised release imposed by the Court in the alien smuggling case.

On January 9, 2015, Alfred appeared before the Magistrate Judge for an initial appearance for Alfred's violation of the terms of supervised release in the alien smuggling case. Again, the Magistrate Judge appointed Attorney Hodge to represent Alfred. On January 27, 2015, after a revocation hearing, the

Court revoked Alfred's supervised release and sentenced Alfred

to 16 months imprisonment and three years of supervised release.

Alfred did not appeal.

Alfred's current 2255 petition seeks to set aside the

sentence imposed by the Court for Alfred's violation of the

terms of supervised release in the alien smuggling case.

## II. DISCUSSION

Litigants may make "specific written objections" to a

magistrate judge's report and recommendation "[w]ithin 14 days

after being served with a copy of the recommended disposition."

*See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)

("Within fourteen days after being served with a copy, any party

may serve and file written objections to such proposed findings

and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court

"make[s] a de novo determination of those portions of the report

or specified proposed findings or recommendations to which

objection is made." *Id.* As Alfred has not had a full opportunity

to object to the Report and Recommendation, the Court will

review the Report and Recommendation de novo.[1]

---

[1] *See, e.g., MRL Dev. I, LLC v. Whitecap Inv. Corp.*, No. 2013-48, 2018 U.S.
Dist. LEXIS 50126, at *7 (D.V.I. Mar. 27, 2018) ("[T]he Court is unaware of
any authority that would require a district court to await the receipt of
objections before reviewing a report and recommendation under a de novo
standard.")

Alfred makes four arguments in support of his 2255 petition. First, Alfred asserts that the Court erred by imposing three years of supervised release for Alfred's violation of supervised release in the alien smuggling case. Alfred argues that because the Court only imposed two years of supervised release in the alien smuggling case, the Court could not impose a longer sentence of supervised release for Alfred's supervised release violation. Significantly, Alfred did not appeal the sentence imposed at the revocation hearing.[2] The proper avenue to challenge a court's sentence is on direct appeal. *See United States v. Essig,* 10 F.3d 968, 979 (3d Cir. 1993) (explaining that challenges to a district court's sentence should be raised on direct appeal). "[I]f a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show 'cause' excusing his procedural default and 'actual prejudice' resulting from the alleged error or violation." *Henry v. United States*, 913 F. Supp. 334, 335 (M.D.Pa.1996), *aff'd*, 96 F.3d 1435 (3d Cir. 1996). Alfred has not provided any reason for his failure to raise this argument on direct appeal.

---

[2] At Alfred's revocation hearing, Alfred was advised of his right to appeal the Court's sentence within 14 days. (Minutes for January 28, 2015 Hearing; ECF No. 105 at 2).

Alfred's second and third argument allege ineffective assistance of counsel. Alfred argues that Attorney Hodge provided ineffective assistance because Attorney Hodge failed to inform Alfred of the potential punishment for violating his term of supervised release. Alfred asserts that, based on Attorney Hodge's counsel, Alfred believed that a violation of supervised release was accounted for in his sentencing for bank fraud in 2014. Thus, according to Alfred, his sentence for violating the conditions of supervised release should have been inconsequential.

Alfred also argues that Attorney Hodge rendered ineffective assistance when he advised Alfred that Officer Smith was incorrect when Officer Smith said that Alfred could be sentenced to additional time for violating the terms of his supervised release.

Attorney Hodge's supposed incorrect statements had no bearing on the outcome of Alfred's sentence for violating a term of supervised release. It was well within the Court's authority to punish Alfred for a violation of a condition of his supervised release. 8 U.S.C.S. § 3583. Any incorrect information that Attorney Hodge gave to Alfred did not result in the imposition of a longer sentence. Nor did Attorney Hodge fail to raise an argument that could have resulted in Alfred receiving a

lessor sentence. *See Strickland v. Washington*, 466 U.S. 668, 687

(1984) (finding that a 2255 petitioner must show that "there is

a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been

different").

Finally, Alfred argues that the prosecutor stated in open

court that she did not object to Alfred's two sentences[3] running

concurrently. Later, Alfred argues that the prosecutor asserted

the contrary position and argued that Alfred's two sentences

should not run concurrently. Significantly, the Court is not

bound by the prosecutor's recommendations at a sentencing

hearing. It follows that Alfred cannot show that he was

prejudiced by the prosecutor's inconsistent positions because

those statements had no bearing on Alfred's sentence.

---

[3] Alfred's two sentences were for: (1) a violation of a term of Alfred's supervised release; and (2) the 2014 bank fraud case.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF

Number 121 is **ADOPTED**; it is further

**ORDERED** that Davidson Alfred's 28 U.S.C. § 2255 petition is

**DENIED**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.


S\_____

                    **Curtis V. Gómez**
                    **District Judge**